JOHN GRIFFIN, Appellant, *against* LOUIS FLOCK, Respondent.

(Decided December 4th, 1882.)

As the police officers appointed by the Department of Public Parks in the City of New York have, under L. 1871, c. 290, § 6, within the territorial jurisdiction of the department, the same powers as members of the police force of that city, such an officer may make an arrest, without warrant, for a violation of the ordinances of the department committed in his presence.

APPEAL from a judgment of the General Term of the Marine Court of the City of New York, affirming a judgment of that court entered upon the dismissal of a complaint.

The facts are stated in the opinion.

*James M. Lyddy*, for appellant.

*William C. Whitney*, for respondent.

PER CURIAM.—This is an appeal from a judgment entered upon the affirmance of a judgment entered upon a dismissal of the plaintiff's complaint at a trial term of the Marine Court.

The action was brought by the plaintiff to recover damages from the defendant, who was a member of the police force of the Department of Parks of the City of New York, for making the arrest of the plaintiff without warrant, he at the time being guilty of a violation of the ordinances of the Department of Parks and thereby guilty of a misdemeanor, by chapter 290, Laws of 1871, section 6.

The claim made by the plaintiff is that the defendant had no right to make an arrest without warrant for the violation of the said ordinances, which violation was committed in the presence of the defendant, and relies for the support of this proposition upon the fact that the provisions

of the Metropolitan Police Act (L. 1864, c. 403, § 30) authorizing the arrest of persons violating corporation ordinances without warrant, have been repealed by section 119 of the New York city charter, being chapter 335 of the Laws of 1873. By section 6 of chapter 755 of the Laws of 1873 it will be seen that whatever powers of the police patrolmen might have been taken away by the said section 119 were restored as fully as they had been conferred by the Metropolitan Police Act, because said section 6 provides that all the provisions of law which related to boards, commissioners, officers and police force (metropolitan police) within the City of New York, so far as they are not respectively inconsistent with the provisions of the act hereby amended, or of this act, are hereby devolved upon the board of police, commissioners of police, and officers and members of the police force, and the clerks and employees of the Police Department of the City of New York, anything contained in section 119 of the act hereby amended to the contrary, which enactment clearly continued the former powers of the Metropolitan Police Department to the present municipal police.

As a member of the police force of the City of New York has the power to arrest without warrant for violations of the municipal ordinances committed in his presence or within his view (Act of 1864 above cited), the members of the park police force have the same powers as to offenses committed within the territorial jurisdiction of the Park Department (L. 1871, c. 290, § 6). By the same act the Park Department is invested with power to make ordinances, and generally with "all the power and authority of the mayor, aldermen and commonalty of the City of New York, in respect to the public parks, squares and places in the said city." The ordinances of the Park Department are not, therefore, in respect of the matters as to which the said department may legislate, to be distinguished in force and effect from corporation ordinances, and the manifest intention of the legislature was to confer on the park police the same powers, duties and authority

with respect to the Park Department as the Police Department possesses in regard to corporation ordinances.

Judgment affirmed, with costs.